**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVE MICHAEL COX, | 3:11-cv-00539-ECR (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| GREGORY W. SMITH, et. al. | |
| Defendants. | |

## I. BACKGROUND

At all relevant times, Plaintiff Steve Michael Cox (Plaintiff) was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 15) 1.)[1] Plaintiff is currently incarcerated at Ely State Prison (ESP); however, the events giving rise to this action took place while Plaintiff was housed at Nevada State Prison (NSP). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are McDaniel, Koehn, Cruse, Whittington, Nicholas, Bannister, Donaldson, Jacobs, Smith, Zappettini, Quentin, Habberfield, Skolnik, and Cox . (Screening Order (Doc. #17) at 6-8, 10 .)

On screening, the court determined that Plaintiff states a colorable claim in Count II for violation of the Eighth Amendment against defendants McDaniel and Koehn in connection with the allegations that Plaintiff is unable to get to medical and dental appointments due to these defendants confiscation of his quad cane and denial of other assistance. (Doc. # 17 at 6-7.) The court also determined that Plaintiff states a colorable claim in Count V for violation of the Eighth Amendment with respect to defendants Cruse, Whittington, Nicholas, Bannister,

---

[1] Refers to court's docket number.

1  Donaldson, Jacobs, Smith, Zappettini, Quentin, Habberfield, Skolnik, and Cox. (Doc. # 17 at
2  8.) In Count V, Plaintiff alleges that in March 2010, he began to vomit blood and have diarrhea
3  from a meatless alternative diet, because someone put foreign particles in the food. (*Id.*)
4  Plaintiff asserts that defendants Cruse, Whittington, and Nicholas refused to call for medical
5  assistance, and defendants Bannister, Donaldson, Jacobs, Smith, Zappettini, Quentin,
6  Habberfield, Skolnik, and Cox denied or ignored his requests for medical attention and
7  investigation of food tampering. (*Id.*) Plaintiff was afraid to eat the food and drank only milk
8  for a period of time, and lost twenty to thirty pounds, suffering from fatigue and hunger pains.
9  (*Id.*)

10  On December 15, 2011, Plaintiff filed a motion requesting the imposition of sanctions
11  against ESP officials and the Attorney General's Office. (Doc. # 24.) Plaintiff argues that ESP's
12  law library supervisor and Deputy Attorney General Hoppe should be sanctioned pursuant to
13  Federal Rule of Civil Procedure 11 for refusing to comply with the court's order set forth at Doc.
14  # 17, providing him with a $5 copy work extension and additional legal supplies, including five
15  sheets of paper, a pen, and an envelope. (*Id.* at 1.)

16  Defendants respond that Rule 11 sanctions do not apply under these circumstances, and
17  that consistent with the court's order, Defendants credited Plaintiff's account $5 for copy fees
18  and will furnish Plaintiff with five sheets of paper, a pen, and an envelope for use in this case
19  only. (Doc. # 26.) To that end, Defendants provide the declaration of Michelle Weyland,
20  Management Analyst III with NDOC. (Doc. # 26-1.) Ms. Weyland reviewed Plaintiff's inmate
21  account, and confirms that he has been granted a $5 copy work extension in this case, and that
22  he will be given access to five sheets of paper, a pen and an envelope. (*Id.*)

23  On January 17, 2012, Plaintiff filed a second motion requesting that Rule 11 sanctions
24  and contempt be imposed for disregarding the order in Doc. # 17 with respect to legal supplies.
25  (Doc. # 27.)

26  On February 9, 2012, Plaintiff filed yet another motion requesting the imposition of Rule
27  11 sanctions in the amount of $270,000 against Defendants for failing to comply with the
28  court's orders in Doc. # 17. (Doc. # 30.)

## II. DISCUSSION

Plaintiff is correct that the Screening Order did provide that NDOC shall credit Plaintiff $5 in copying fees and, if needed and upon Plaintiff's request, five sheets of paper, a pen, and an envelope, for use in this case only. (*See* Doc. # 17 at 9:4-8.)

Defendants are correct that sanctions under Rule 11 apply when a representation has been made to the court in a pleading, written motion or other paper. Fed. R. Civ. P. 11. Thus, Rule 11 does not govern this set of circumstances where Plaintiff alleges that Defendants disobeyed a court order by failing to provide him with legal supplies.

While the court may utilize it's contempt power and its inherent power to impose sanctions, the court finds the record here does not justify utilization of either of those remedies. After Plaintiff filed his initial motion for sanctions, Defendants filed a response and declaration indicating that Plaintiff was credited the $5 and provided with five sheets of paper, a pen and an envelope. Plaintiff did not file a response indicating he did not receive the items. Moreover, Plaintiff's second and third motions for sanctions do not represent that he did not receive the items as represented. Instead, these motions merely reiterate the original request for sanctions.

The court orders counsel for Defendants file appropriate affidavit(s) within **TEN DAYS** of the date of this order confirming that Plaintiff has been provided with the paper, pen and envelope that are the subject of his motions. Accordingly, Plaintiff's motions (Docs. # 24, # 27 and # 30) are **DENIED**. In the event it comes to light that these items have not been provided to Plaintiff, he may renew his motion.

**IT IS SO ORDERED**.

DATED: April 30, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE