UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVE MICHAEL COX | ) | 3:11-cv-00539-ECR-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | July 18, 2012 |
| | ) | |
| GREGORY W. SMITH, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:       FTR

COUNSEL FOR PLAINTIFF(S): STEVE MICHAEL COX, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S): MICHELINE N. FAIRBANK

**PROCEEDINGS: Motion Hearing**

9:36 a.m. Court Convenes.

The Court addresses the parties and reviews the posture of this case as it relates to the two remaining claims; claim two and claim five of plaintiff's complaint.  The parties are advised that the purpose of this hearing is to address several motions.  After hearing argument concerning the motions, the Court finds as follows:

**Plaintiff's Motion for Court Order to Review Medical Records (Dkt. # 56) and Motion for Discovery (Dkt. # 57)**

Plaintiff's Motion for Court Order to Review Medical Records (Dkt. #56) appears to request the same medical documents as those requested in Plaintiff's subsequent Motion for Discovery (Dkt. #57).  It further appears that the plaintiff states almost identical grounds for the two requests.  The Court finds that plaintiff has not conferred with defendants to provide the information he is requesting, which is in violation of Fed. R. Civ. P. 37(a) and Local Rule 26-7.  Furthermore, plaintiff does not show that he has availed himself of Nevada Department of Corrections (NDOC) procedure to file a kite to retrieve such records (AR 639).  Therefore, Plaintiff's Motion for Court Order to Review Medical Records (Dkt. #56) and Motion for Discovery (Dkt. #57) are **DENIED**.  Plaintiff is directed to comply with the local rules which require personal consultation to resolve discovery disputes prior to requesting relief from the Court.

**MINUTES OF THE COURT**
3:11-cv-00539-ECR-WGC
Date: July 18, 2012
Page 2

---

<u>**Plaintiff's Motion to Hold in Abeyance (Dkt. # 61)**</u>

Plaintiff styles this document as a motion "to hold in abeyance." The Court cannot discern what aspects of the case he seeks to stay or "hold in abeyance." This motion also conflicts with Dkt. ## 56 & 57, wherein plaintiff seeks to review certain records.

Plaintiff appears to maintain the position that although he has kited the NDOC to view his medical records, he has not been able to. The Court finds that plaintiff does not fulfill the proper requirements for an abeyance and that he again has not availed himself of the proper means of discovery to obtain his medical records.

The Court concludes that Mr. Cox shall be afforded the opportunity to review his I-File and medical records and instructs him to follow the proper procedures of the NDOC to obtain his records. The Court requests Ms. Fairbank to coordinate with the NDOC so that Mr. Cox is afforded the opportunity to review his records and should Mr. Cox need ambulatory assistance that he receive such for the purpose of reviewing his records. In light of this, plaintiff's Motion to Hold in Abeyance is **DENIED as moot.**

<u>**Plaintiff's Motion to Clarify/Formal Objections (Dkt. # 62)**</u>

The Court reviews the screening order of this case (Dkt. # 17) and notes that defendants were ordered to provide plaintiff a minimum allowance of office supplies to proceed with his action. Mr. Cox indicates that he is not receiving the adequate legal supplies in order to proceed with his action. Ms. Fairbank refers to a notice in which the defendants filed (Dkt. #38) to show that in fact Mr. Cox is receiving the proper amount of legal supplies he is afforded by NDOC regulations and therefore states that Mr. Cox's request for additional legal supplies is without basis.

The Court clarifies that this instant motion is not a request by Mr. Cox for new legal supplies but a request to reconsider previous orders that the Court entered with regard to earlier request for legal supplies. The Court is not inclined to reconsider such preexisting motions and orders; however, plaintiff is not prevented from making further requests for additional legal supplies. Therefore, plaintiff's Motion to Clarify/Formal Objection is **DENIED**.

<u>**Plaintiff's Motion for Enlargement of Time (Dkt. #69 and Dkt. #74)**</u>

In light of the discussions today, the plaintiff wishes to withdraw both his Motion for Enlargement of Time (30-days) to Review Video Taping... (Dkt. #69) and his Motion Affidavit in Support of Enlargement of Time (30-days) to Depose Under Audio Taped Oath... (Dkt. #75). There is no objection made by the defendants. The Court declares both Motion's for Enlargement of Time (Dkt. ## 69 & 74) **DENIED as moot**.

<u>**Defendants' Request for Status Conference (Dkt. #71)**</u>

Defendants were served with multiple sets of discovery which counsel states are difficult if not impossible to interpret, have questionable relevancy to the allegations in this case and are burdensome. Although technically defendants should perhaps have file a motion for a protective

**MINUTES OF THE COURT**
3:11-cv-00539-ECR-WGC
Date: July 18, 2012
Page 3

order (after first trying to resolves these issues with plaintiff) the Court is inclined to agree with defendants' position that many of plaintiff's discovery requests are irrelevant to this instant case and practically incomprehensible.  The Court shares in its understanding of defendants position by providing an example of plaintiff's discovery requests (attachment 1 hereto).  As such, the Court orders that the defendants do not need to respond to the three discovery documents (attached to defendants' Request for a Status Conference, Dkt. #71 as Exhibits A, B, and C). Ms. Fairbank is instructed to work with Mr. Cox to identify which discovery requests defendants can and cannot answer and then respond to the new discovery requests by plaintiff.

Ms. Fairbank requests for additional thirty (30) day extension of time to respond to plaintiff's new discovery requests.  The Court will allow for a thirty (30) day extension to **Friday, August 24, 2012**, at which time discovery requests from plaintiff shall be served upon defendants.  In the interim of this extension of time, Mr. Cox is advised that should the parties not reach an agreement concerning discovery requests he shall serve new discovery, which will supersede all discussions made between the parties.  In conjunction with this new date, the scheduling order deadlines are modified as follows:

• <u>DISCOVERY</u>: Discovery shall be completed on September 28, 2012.

• <u>EXTENSIONS OF DISCOVERY</u>: All motions or stipulations to extend discovery shall be received by the Court no later than September 7, 2012.

• <u>DISCOVERY MOTIONS</u>: Any discovery motions shall be filed and served no later than September 7, 2012.

• <u>MOTIONS FOR SUMMARY JUDGMENT</u>: Motions for summary judgment shall comply with the requirement of LR 56-1 and shall be filed and served no later than October 29, 2012.

**IT IS SO ORDERED.**

10:55 a.m.  Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
         Katie Lynn Ogden, Deputy Clerk

# ATTACHMENT 1

(3:11-cv-00539-ECR-WGC, Cox v. Smith, et al)

**Doc. # 71-1- Request for Production of Documents**

(Exh. A., pg. 1)          "Pursuant to FRCP 34, that the Defendants (Count II. . .  By and through their defense counsel\D.A. G. - M.N. Fair-Bank to produce the documents listed herein within 30-days. Either by providing the plaintiff with copies of. Or by making their availability to the plaintiff for inspection and copying. Under ample time allotted to do so."

**Doc. #71-2 - Request for Interrogatories**

(Exh. B, pg. 2)           II AB1.) How long have you been employed as an employee, under the colors of law!  For the state of Nevada's Department of Corrections at what official -position(s)?

(Exh. B, pg. 18)          7.) Ex plain as best you can as to why! Plaintiff\Cox 40295-disable (and can't use prescribed\classified inmate on his 2-4-2010 arrival at NSP-Prison from LCC=Lovelock Prison (for 2-16-2010's U/S. District Court's civil trial case # 03-0551 (Reno-NV.) Cox v. Esp.\Max. Fairbank, et al) was 'shot-gunned\fired upon, knocked to the ground! When plaintiff informed NSP-officers: Madieros, Trobes, Stainaker, Sargent, et al.. That he\plaintiff was disable, unable\with not climb the 50-foot\45 degree angle hall to get to unit (close custody) 12-B at the top (300 to 400 yards away.

(Exh. B, pg. 20)          V-A 14.) Explain as best you can the method of packaging (Styrofoam thermal (2-pack) tray, etc.), security inspections (in plaintiff's presence or not!). Re-heating process (by whom, where in unit 12-B's building, etc.), etc. of plaintiff's (MAO) alternative diet meals' delivery processes prior to plaintiff's receipt of his (MAO) meal for eating\consumption.

(Exh. B, pg. 22)          {Answer: 18 to 25 Interrogatories} V-A18.) On about March 9, 2010. Explain the reasons\events) that lead-up too; caused; plaintiff\Cox to file numerous! kites, complaints. Emergency\informal-grievances, etc. on officers: Cruse, Washington, Nicholas. For the failures or not! To _____ A.R. 722 inmate(s)' return of their\plaintiffs (5-fifty pound boxes, NNE T.V. One (100 pound) duffel bag, etc.) legal\personal properties. That caused 2-books (normal wear\U\As). One -hot pot (destroyed). Head phones (__ -stereo)\ T.V. housing (plastic body\frames\chipped\cracked!)?

**Doc. #71-3 - Requests for Admissions**

(Exh. 3, pg. 7)           II-A. 17.) From about 3-29-10 (Mon.) To 3-31-10 (Wed.).  Plaintiff filed numerous motions\non-motions\ informal grievances to you\McDaniel, and Esp\Max, NDOC, et al. Officers to move plaintiff out of infirmary's 9A 18's\homicide\suicide isolation! cell. Due to its toxic (fresh oil paints(s)\exposed vinyl floor adhesives, no\ adequate ventilation, etc. dire conditions, but you refused causing plaintiff to flood cell 9A-18 (only!) On or about 4-1-10 to get moved to a non-toxic\not dire cell 9a-14? A-L met____.  Deny____.