1

2

3

4

5

6

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

7

8

9    STEVE MICHAEL COX,                          )        3:11-cv-00539-ECR (WGC)
                                                 )
10            Plaintiff,                          )        **REPORT AND RECOMMENDATION**
                                                 )        **OF U.S. MAGISTRATE JUDGE**
11       vs.                                      )
                                                 )
12    GREGORY W.  SMITH, et.  al.                 )
                                                 )
13            Defendants.                         )
      _____)

14

15          This Report and Recommendation is made to the Honorable Edward C.  Reed, Jr.,

16    Senior United States District Judge. The action was referred to the undersigned Magistrate

17    Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

            Before the court is Defendants' Motion for Vexatious Litigant Determination & Pre-

18    Filing Restrictions. (Doc. # 41.)[1] Plaintiff opposed (Doc. # 55) and Defendant replied (Doc. #

19    58). Defendants have also filed a motion seeking leave to file Exhibit D in support of their

20    motion under seal.  (Doc. # 40.)  The court will also address various motions and documents

21    filed by Plaintiff in this action. (*See* Docs. # 53-# 54  and # 76-# 84, # 88-# 89.)  After a

22    thorough review, the court recommends that Defendants' motions (Docs. # 40 and # 41) be

23    granted, that Plaintiff be declared a vexatious litigant and that a pre-filing order enter in this

24    action as set forth below. In addition, the court recommends that Plaintiffs' motions at Docs.

25    # 53, # 54, # 77, # 78, # 80, # 81, # 82, and # 88 be denied, and that Docs. # 76, # 79, # 83,

26    # 84, and # 89 be stricken.

27

28
      _____

            [1] Refers to court's docket number.

1

2
# I. BACKGROUND

3   At all relevant times, Plaintiff Steven Michael Cox was an inmate in custody of the

4   Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 15).) Plaintiff, a

5   *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id*. at 1.) Defendants are

6   Gregory W. Smith, Bruce Bannister, Quentin Byrne, Greg Cox, Michael Cruse, Dr. Donaldson,

7   Anita Habberfield, Terri Jacobs, Michael Koehn, E.K. McDaniel, Sean Nicholas, Howard

8   Skolnik, Lawrence Whittington, and Shell Zappettini. (*See* Screening Order (Doc. # 17).)

9   On screening, the court determined that Plaintiff states the following colorable claims:

10   (1) Count II-an Eighth Amendment medical claim against defendants Koehn and McDaniel

11   related to the allegation that he is physically unable to get to medical and dental appointments

12   due to their confiscation of his quad cane; and (2) Count V- an Eighth Amendment medical

13   claim related to his allegation of food tampering against defendants Cruse, Whittington,

14   Nicholas, Bannister, Donaldson, Jacobs, Smith, Byrne, Habberfield, Skolnik, and Cox. (Doc.

15   # 17.)

16   Defendants have filed the instant motion seeking an order: (1) declaring Plaintiff a

17   vexatious litigant in this matter; (2) prohibiting filings in this matter except those expressly

18   authorized by this court, or alternatively, declaring that Defendants need not respond to any

19   of Plaintiff's filings unless expressly ordered by the court; and (3) that all of Plaintiff's filings

20   be legible, intelligible, and submitted on a single side of white paper with writing on one single

21   side. (Doc. # 41.) Defendants also seek to file Exhibit D in support of their motion under seal.

22   (Doc. # 40.) In addition, the court will consider various motions and filings submitted by

23   Plaintiff. (*See* Docs. # 53- # 54 and # 76-#84.)

24
# II.  LEGAL STANDARD-VEXATIOUS LITIGANT

25   "Flagrant abuse of the judicial process cannot be tolerated because it enables one person

26   to preempt the use of judicial time that properly could be used to consider the meritorious

27   claims of other litigants." *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). It

28

has long been recognized that courts have inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *See id.* at 1147 (internal quotations and citation omitted); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (both referencing the All Writs Act, 28 U.S.C. § 1651, as providing authority to enter a pre-filing order against a vexatious litigant). However, because a pre-filing order implicates a litigant's right of access to the courts, such orders are to be entered rarely. *See De Long*, 912 F.2d at 1147; *Molski*, 500 F.3d at 1057. Before entering such an order, the court must assure the following prerequisites have been met: (1) that the litigant be given notice of the order and an opportunity to be heard; (2) that the court set forth an adequate record for review which should list "all the cases and motions that led the district court to conclude that a vexatious litigant order was needed" which must at least "show, in some manner, that the litigant's activities were numerous or abusive"; (3) that the court make "substantive findings as to the frivolous or harassing nature of the litigant's actions[,]" looking at "both the number and content of the filings" or a "pattern of harassment"; and (4) that the order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48 (internal quotation marks and citations omitted); *see also Molski*, 500 F.3d at 1057.

### III. DISCUSSION-VEXATIOUS LITIGANT

**A. Notice**

The first *De Long* factor requires that the litigant be given notice and an opportunity to be heard. *See De Long*, 912 F.2d at 1147. Here, Plaintiff was served with Defendants' Motion for Vexatious Litigant Determination & Pre-Filing Restrictions on May 18, 2012. (*See* Proof of Service, Doc. # 41 at 12.) Plaintiff was given an opportunity to, and did file a response to Defendants' motion. (*See* Pl.'s Opp., Doc. # 55.) Thus, the court finds the first factor has been satisfied. *See Molski*, 500 F.3d at 1058-59 (citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)) (finding that opportunity to brief the issue was sufficient without providing an oral or evidentiary hearing).

///

**B.  Cases Showing Plaintiff's Litigation Activities Are Numerous and Abusive**

The second *De Long* factor requires that the court set forth an adequate record for review which lists "all the cases and motions that led the district court to conclude that a vexatious litigant order was needed" which must at least "show, in some manner, that the litigant's activities were numerous or abusive." *De Long*, 912 F.2d at 1147.

**1.  The instant action**

In the instant action, 3:11-cv-00539-ECR-WGC, Plaintiff originally filed his Complaint in the First Judicial District Court for the State of Nevada, and it was subsequently removed to this court by Defendants on July 27, 2011.  (*See* Docs. # 1, # 1-1.) The original Complaint was illegible, and caused the court to issue an order that Plaintiff submit a complaint on the court's form that was legible. (*See* Docs. # 1-1, #11.)

Plaintiff subsequently filed a number of motions, all of which were barely legible. On August 8, 2011, he filed a Motion for "Adequate Additional (NSF) Monthly Legal Supplies and Photo Copy Work Credits to Access Courts/Conclude this Case" (Doc. # 3), even though the case had just begun. Next, he filed a Motion for "Urgent! (Prescribed) Ambulatory Aid/Assistance to ESP/NDOC's Administrative, Dental/Medical Care Needs Concerning Plaintiff." (Doc. # 4.) He also filed a Joint Status Report "Submission" (Doc. # 5) which was not a joint submission as requested by the court, but a document that apparently outlined other motions Plaintiff planned to file. Plaintiff then filed a Motion for Appointment of Counsel (Doc. # 6), which did not address the exceptional circumstances factors that justify the appointment of counsel and with which Plaintiff is no doubt familiar.

Plaintiff then filed a "Motion for Leave/Waiver to Use Improper Supplies, Stationery (Scratch Papers, Pencils, Etc.)  to Access Courts" pending the court's review of his motion for additional legal supplies. (Doc. # 12.) He also sought leave to exceed the page limit with respect to his Amended Complaint (Doc. # 13) and filed a Motion for Leave to Amend his Complaint (Doc. # 14).

On October 17, 2011, Plaintiff filed his Amended Complaint.  (Doc. # 15.) The Amended

Complaint was an improvement from the original Complaint, but is still barely legible. The Court screened Plaintiff's Amended Complaint, and dismissed the majority of the claims for failure to state a claim for which relief may be granted. (Doc. # 17.) The court specifically found that many of the allegations in the Amended Complaint were "implausibly vague and set forth sweeping, general allegations against all fifteen defendants with no specificity." (Doc. # 17 at 6.) In addition, the Screening Order denied Plaintiff's motion for additional legal supplies (Doc. # 3) because Plaintiff failed to identify a specific need for copying or legal supplies. (Doc. # 17 at 9.) The court also denied Plaintiff's "urgent" motion for an ambulatory aid, instructing him that if he seeks injunctive relief, his remedy is to file such a motion in accordance with Federal Rule of Civil Procedure 65. (*Id.*) Plaintiff's motion for appointment of counsel was likewise denied. (*Id.*)

After the Screening Order was issued, Plaintiff filed another motion seeking to amend or correct his complaint, which was denied. (Docs. # 18, # 21.)

Plaintiff then filed three motions for sanctions, all concerning his contention that Defendants failed to comply with the court's order concerning legal supplies. (Docs. # 24, # 27, # 30.) The court denied all three of Plaintiff's motions, finding that they were unjustified, and that the second two motions merely reiterated the original request for sanctions. (Doc. # 35.)

Defendants then filed the instant motion seeking to have Plaintiff declared a vexatious litigant, and requesting a pre-filing order. (Doc. # 41.)

Since the filing of this motion, Plaintiff has filed a Motion for Temporary Restraining Order and Preliminary Injunction (Docs. # 53, # 54), which are currently pending before the court. He has also filed a Motion for a Court Order to Review his Medical Records (Doc. # 56) and a Motion for Discovery (Doc. # 57), despite the fact that a Scheduling Order was entered allowing Plaintiff to commence discovery (*see* Doc. # 51). The court held a hearing on July 18, 2012, addressing these two motions and found they were duplicative. (*See* Minutes, Doc. # 75.) Moreover, the court found that Plaintiff failed to comply with Local Rule 26-7, requiring Plaintiff make a good faith effort to meet and confer before filing a discovery motion. (*Id.*) The

1  court also found that Plaintiff failed to avail himself of NDOC's procedures for reviewing

2  medical records, which could have obviated the need for filing these motions. (*Id*.) On these

3  bases, the motions were denied. (*Id*.)

4      Plaintiff also filed a Motion to Hold in Abeyance (Doc. # 61) which was addressed at the

5  July 18, 2012 hearing. The court notified Plaintiff that it could not discern what relief Plaintiff

6  was seeking with respect to this motion. (Doc. # 75.) The court once again found that Plaintiff's

7  motion was duplicative of others previously filed, and that Plaintiff failed to avail himself of the

8  rules of discovery which could have obviated the filing of the motion. (*Id*.) The court instructed

9  Plaintiff again to follow NDOC's regulations concerning reviewing his records. (*Id*.)

10      Plaintiff filed yet another motion asking for reconsideration of previous orders

11  addressing the adequacy of his legal supplies (Doc. # 62), which was denied. (*See* Doc. # 75.)

12  Plaintiff filed motions for enlargement of time regarding reviewing a video tape and taking a

13  deposition, which he ultimately withdrew at the July 18, 2012 hearing. (*See* Doc. # 75.)

14      At the July 18, 2012 hearing, the court also addressed the discovery served on

15  Defendants by Plaintiff, and agreed with Defendants that may of the discovery requests served

16  were irrelevant to the case and "practically incomprehensible." (Doc. # 75.) This resulted in

17  amendments to the Scheduling Order. (*Id*.)

18      Since that hearing, Plaintiff has filed an additional eleven motions and affidavits

19  purporting to support his filings. (Docs. # 76-# 84, # 88-#89.)

20      While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike

21  "redundant, immaterial, impertinent, or scandalous matter[s]" from a "pleading," it does not

22  authorize the court to strike material contained in other documents filed with the court. *See*

23  Fed. R. Civ. P. 12(f). However, courts have inherent powers to control their dockets, *see*

24  *Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve

25  the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43

26  (1991). "This includes the power to strike items from the docket as a sanction for litigation

27  conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life*

28

*General Agency, Inc.*, -- F.Supp.2d--, at *5 (D. Nev. March 29, 2012).

Doc. # 76 is an affidavit in support of his Motion for Temporary Restraining Order, which Plaintiff filed without leave of court even though briefing had long since closed. (Doc. # 76.) This document should be stricken.

Doc. # 77 is a motion requesting an order that Plaintiff be able to file certain documents under seal in support of an opposition to a motion for summary judgment; however, Defendants have not yet filed a motion for summary judgment. Therefore, this motion is frivolous and unnecessary, and should be denied.

Doc. # 78 is *another* Motion for Temporary Restraining Order, which reiterates his request for ambulatory assistance. (Doc. # 78.) Doc. # 79 is an affidavit in support of Plaintiff's Second Motion for Temporary Restraining Order. (Doc. # 79.)

Doc. # 78 is duplicative of Plaintiff's previous request for injunctive relief, and should be denied. Doc. # 79 is an affidavit filed in support of the duplicative request for injunctive relief and should be stricken.

Doc. # 80 is a motion to strike Defendants' Motion for Vexatious Litigant Determination as moot, which the court has reviewed and finds to be nearly illegible and utterly incomprehensible, and therefore should be denied. (Doc. # 80.)

Doc. # 81 is another motion that appears to request a temporary restraining order related to the provision of medical care. (Doc. # 81.) This motion should be denied as duplicative.

Doc. # 82 is Plaintiff's *second* motion seeking to strike Defendants' Motion for Vexatious Litigant Determination. (Doc. # 82.) This motion, like the first one, is barely legible, incomprehensible, and that portion which the court can understand is unduly duplicative of the first motion filed by Plaintiff. As a result, it should be denied.

Docs. # 83 and #84 are two more motions/affidavits in support of a request for a temporary restraining order which appear to be largely duplicative of Docs. # 78 and # 81 and should be stricken. (Doc. # 83.)

1    Doc. # 88 is yet another "emergency" motion for a temporary restraining order which

2    the court finds is barely legible. (Doc. # 88.) The portion of the motion the court can read

3    appears to be entirely duplicative of his earlier filed motions, and therefore this motion should

4    be stricken.

5    Doc. # 89 is Plaintiff's *third* motion asking to strike Defendants' Motion for Vexatious

6    Litigant Determination. (Doc. # 89.) The court has reviewed the motion, and finds, as it did

7    with respect to the first two motions, that it is barely decipherable and utterly without merit.

8    Therefore, this motion should be denied.

9    Finally, the court notes that Plaintiff has filed several requests for submission, even

10    though this is a state court practice, and not a federal court procedural requirement. (*See* Docs.

11    # 19, # 63.)

12    While the court finds that Plaintiff's filings in this case alone are sufficient to establish

13    that Plaintiff's abusive litigation tactics are numerous and certainly demonstrate a pattern of

14    harassment warranting a vexatious litigant determination and pre-filing order, the court will

15    now address Plaintiff's litigation history in other cases.

16    **2. Other Cases**

17    Defendants have identified at least thirty-four other cases filed by Plaintiff in the

18    Seventh Judicial District Court of the State of Nevada, the Justice Court of Ely Township, the

19    Sixth Judicial District Court of the State of Nevada, the United States District Court for the

20    District of Nevada, and the United States Supreme Court. (*See* Doc. # 41 at 3, n. 2, Ex. C.)

21    The court has undertaken a search of CM/ECF for cases filed by Plaintiff Steve Michael

22    Cox[2] in the United States District Court for the District of Nevada, which returned the

23    following results: 3:99-cv-00248-ECR-PHA[3]; 3:99-cv-00380-LRH-VPC; 3:99-cv-00415-DWH-

24    _____

25    [2] The court notes that Plaintiff's Complaint in this action was originally filed in the state court under the
name "Michael-Steve Cox," but after it was removed to federal court, was captioned with the name "Steve Michael
26    Cox." Plaintiff's handwriting is unmistakable and the court has no doubt "Michael-Steve Cox" and "Steve Michael
Cox" are the same person. The court merely points this out to show Plaintiff has filed a myriad of actions under
27    variations of his name.

28    [3] The docket for this action only exists in hard copy.

8

RAM[4]; 3:00-cv-00217-ECR-VPC; 3:01-cv-00223-HDM-VPC; 3:02-cv-00677-LRH-VPC; 3:03-cv-00275-ECR-RAM; 3:03-cv-00442-ECR-VPC; 3:03-cv-00531-LRH-VPC; 3:03-cv-00651-VPC; 3:04-cv-00619-HDM-RAM; 3:04-cv-00668-DWH-VPC; 3:05-cv-00410-LRH-VPC; 3:05-cv-00421-HDM-RAM; 2:05-cv-00403-JCM-RJJ; 3:07-cv-00540-BES-RAM; 3:08-cv-00110-RCJ-VPC; 3:08-cv-00502-LRH-VPC; 3:11-cv-00539-ECR-WGC; and 3:12-cv-00017-RCJ-VPC.

Plaintiff has also filed various actions under the name Michael Steve Cox, including 3:08-cv-00663-ECR-WGC; 3:09-cv-00125-RCJ-RAM; 3:10-cv-00129-LRH-VPC; 3:10-cv-00596-ECR-RAM; 3:10-cv-00710-RCJ-WGC; 2:11-cv-00103-KJD-RJJ; 3:11-cv-00619-LRH-VPC; and 3:12-cv-00169-ECR-WGC.

The court takes judicial notice of the actions filed by Plaintiff in the Seventh Judicial District Court of the State of Nevada, the Justice Court of Ely Township, the Sixth Judicial District Court of the State of Nevada, and the United States Supreme Court, as identified by Defendants. (*See* Doc. # 41 at 3, n. 2, Ex. C.)

The court will now provide specific examples of Plaintiff's abusive litigation tactics in connection with some of the above-referenced actions.

### i. 3:00-cv-00217-ECR-VPC

In this action, after allowing Plaintiff an opportunity to submit a legible complaint, Plaintiff's Second Amended Complaint was dismissed for failure to state a claim upon which relief may be granted, without leave to amend. (3:00-cv-00217-ECR-VPC Doc. # 27.) Plaintiff appealed, and the entry of judgment was affirmed by the Ninth Circuit Court of Appeals. (3:00-cv-00217-ECR-VPC Doc. # 44.)

### ii. 3:01-cv-00223-HDM-VPC

In this action, the court reviewed Plaintiff's complaint and found that it was illegible, and dismissed it with leave to amend. (3:01-cv-00223-HDM-VPC Doc. # 18.)

### iii. 3:03-cv-00275-ECR-RAM

On screening, the court found that Plaintiff's claims were barred by the doctrine of

---

[4] The docket for this action only exists in hard copy.

judicial immunity, the *Rooker-Feldman* doctrine, and the statute of limitations, but gave Plaintiff an opportunity to amend. (*See* 3:03-cv-00275-ECR-RAM Doc. # 19 at 1-2.) Plaintiff's amended complaint did not address the deficiencies identified in the screening order, and as such, the amended complaint was dismissed. (3:03-cv-00275-ECR-RAM Docs. # 19, # 22.) Plaintiff appealed and the district court certified that the appeal was not taken in good faith, and revoked Plaintiff's in forma pauperis status, which was affirmed by the Ninth Circuit. (3:03-cv-00275-ECR-RAM Doc. # 30.) The appeal was subsequently dismissed for failure to prosecute. (3:03-cv-00275-ECR-RAM Doc. # 31.)

### iv. 3:03-cv-00531-LRH-VPC

Here, the court sua sponte dismissed Counts I through IX as barred by the applicable statute of limitations. (3:03-cv-00531-LRH-VPC Doc. # 8.) With respect to the remaining claim set forth at Count X, the court took judicial notice of another case filed by Plaintiff wherein he alleged contradictory allegations, and found Plaintiff therefore did not state a claim. (*Id.*) The court gave Plaintiff leave to amend with respect to Count X, but Plaintiff subsequently moved for voluntary dismissal of that claim, which was granted. (3:03-cv-00531-LRH-VPC Docs. # 8, # 12, # 13.) Nonetheless, Plaintiff filed an appeal which the district court certified was not made in good faith, and the appeal was ultimately dismissed because Plaintiff failed to pay the filing fee. (3:03-cv-00531-LRH-VPC Docs. # 18, # 22, # 26.)

### v. 3:04-cv-00619-HDM-RAM

In this action, Plaintiff sought to proceed in forma pauperis. In the screening order, the court specifically noted, "Plaintiff is not unknown to this Court. The Court's records indicate that plaintiff filed 11 civil actions in this Court before this one...It appears that none of plaintiff's litigation has been successful." (3:04-cv-00619-HDM-RAM Doc. # 3.) The court determined that Plaintiff had three strikes under the Prison Litigation Reform Act (PLRA) so that he could not proceed in forma pauperis in the absence of a showing of imminent danger or serious physical injury. (*Id.*) Plaintiff's application to proceed in forma pauperis was denied. (*Id.*)

The court also discussed various motions filed by Plaintiff, including a motion for appointment of counsel, which was denied with the court stating, "Plaintiff has demonstrated repeatedly that he is able to litigate *pro se*. The merits of this action are questionable." (*Id.*) The court also ordered that if Plaintiff sought to proceed in forma pauperis in the future he was required to attach a copy of the screening order to his application or inform the court that he had three strikes. (*Id.*) In addition, he was ordered to "truthfully respond to the inquires in the Court's form civil rights complaint regarding dismissals of prior actions." (*Id.*) The action was ultimately dismissed as a result of Plaintiff's failure to pay the filing fee. (3:04-cv-00619-HDM-RAM Doc. # 9.)

### vi. 3:04-cv-00668-DWH-VPC

Plaintiff once again filed an application to proceed in forma pauperis, which was denied. (3:04-cv-00668-DWH-VPC Doc. # 3.) Again, the court noted its familiarity with Plaintiff, stating, "Plaintiff is not unknown to this Court. Plaintiff has filed a veritable stream of pro se litigation in this Court, a good percentage of which consisted of patently frivolous complaints." (*Id.*) The court recognized Plaintiff had three strikes under the PLRA, and his application to proceed in forma pauperis was denied. (*Id.*) The action was ultimately dismissed for failure to pay the filing fee. (3:04-cv-00668-DWH-VPC Doc. # 6.)

### vii. 3:05-cv-00410-LRH-VPC

In this action, Plaintiff once again filed an application to proceed in forma pauperis, which was denied as Plaintiff had previously been assessed with three strikes. (3:05-cv-00410-LRH-VPC Doc. # 3.) The court pointed out Plaintiff's "long history of litigation" with the court. (*Id.*) Again, his action was ultimately dismissed for failing to pay the filing fee. (3:05-cv-00410-LRH-VPC Doc. # 4.)

### viii. 3:07-cv-00540-BES-RAM

In this action, Plaintiff filed a petition for writ of habeas corpus whereby he sought to challenge the final judgment entered in case 3:03-cv-651-PMP-VPC. (3:07-cv-00540-BES-RAM Doc. # 13.) The court ordered that Plaintiff was not permitted "to challenge a ruling

made by this Court by means of filing [the petition for writ of habeas corpus], rather, petitioner may seek appellate review by a higher court." (*Id*.)  The action was therefore dismissed for failing to state a viable claim for relief.  (*Id*.)

### ix. 3:08-cv-00110-RCJ-VPC

Plaintiff originally filed this action in the Seventh Judicial District Court for the State of Nevada in and for the County of White Pine, and it was subsequently removed by defendants. (3:08-cv-00110-RCJ-VPC Docs. # 1, # 3.) On screening, the court dismissed Counts III, IV and VI with prejudice. (3:08-cv-00110-RCJ-VPC Doc. # 10.)  This left Counts I, II, V, VII, and VIII. (*Id*.) The defendants subsequently brought a motion to dismiss Plaintiff's remaining claims for failure to state a claim upon which relief may be granted. (3:08-cv-00110-RCJ-VPC Doc. # 4.) Certain of Plaintiff's claims were dismissed. (3:08-cv-00110-RCJ-VPC Docs. # 25, #35.) During this litigation, the court entered one minute order commenting on Plaintiff's improper conduct which resulted in a delay in the disposition of his case, and weakened his credibility with the court. (*See* 3:08-cv-00110-RCJ-VPC Doc. # 98.) Plaintiff was "strongly admonished that each case [he] files is separate from all others, and [he] cannot make wholesale requests in one case to address issues in pending cases or cases yet to be filed." (*Id*.)

The defendants subsequently moved for summary judgment, which was granted in favor of defendants as to his remaining claims. (3:08-cv-00110-RCJ-VPC Docs. # 102, # 117, # 122.) Plaintiff appealed, but his appeal was dismissed for failure to perfect.  (3:08-cv-00110-RCJ-VPC Doc. # 137.)

### x. 3:08-cv-00502-LRH-VPC

The court notes that in this action, Plaintiff filed motions which can be characterized as requesting additional legal supplies to be used in other cases, and was warned that the court would not consider any motion for additional copies or supplies to be used in other cases. (*See* 3:08-cv-00502-LRH-VPC Doc. # 22.) The court also observed that Plaintiff filed numerous motions requesting copies, legal supplies and access to the law library. He even filed an emergency motion for Rule 11 sanctions in this regard. (3:08-cv-00502-LRH-VPC Docs. # 106,

12

# 107.)  In a minute order denying this request, the court pointed out that the court had "repeatedly addressed plaintiff's requests for copies, legal supplies, and access to the law library" and noted that "although plaintiff claims he does not have adequate paper and envelopes, he continues to file repetitive and redundant motions multiple times per week." (3:08-cv-00502-LRH-VPC Doc. # 108.) Plaintiff was advised to "consider conserving his paper and supplies for more meaningful litigation practice in the future." (*Id*.)

Summary judgment was ultimately granted in favor of defendants as to all of Plaintiff's claims.  (*See* 3:08-cv-00502-LRH-VPC Docs. # 105, # 111.)  Plaintiff appealed, but then voluntarily dismissed his appeal. (*See* 3:08-cv-00502-LRH-VPC Doc. # 118.)

### xi. 3:12-cv-00017-RCJ-VPC

Plaintiff originally filed this action in state court and it was removed by defendants. (*See* 3:12-cv-00017-RCJ-VPC Doc. # 3.) On screening, the court found that Plaintiff's complaint was illegible, and gave him thirty days to submit a legible complaint. (*Id*.) He was "cautioned to write as neatly and legibly as possible." (*Id*.)

Before filing an amended complaint, Plaintiff filed a motion for appointment of counsel, a motion for additional legal supplies and a copy work limit extension, a motion for urgent ambulatory assistance,  a motion for discovery, and several motions to amend his complaint. (*See* 3:12-cv-00017-RCJ-VPC Docs. # 4, # 5, # 6, # 7, # 12, and # 14.)  The court denied the motion for appointment of counsel because Plaintiff had not yet filed a legible complaint. (*See* 3:12-cv-00017-RCJ-VPC Doc. # 16.) The court also denied Plaintiff's motion for additional legal supplies and copy work credits because Plaintiff failed to identify a specific need for these requests. (*Id*.) As to Plaintiff's "emergency motion," the court characterized it as "another motion that plaintiff typically files in his cases." (*Id*.)  The court denied the motion instructing Plaintiff, "[i]f [he] seeks immediate action by this court he shall file a motion for injunctive relief or temporary restraining order in accordance with Rule 65 of the Federal Rules of Civil Procedure." (*Id*.)  Plaintiff's  two motions to amend his complaint were denied because the court had already specifically directed him to file a legible amended complaint.  (*Id*.)

Even in the face of these orders, Plaintiff filed several more motions to amend (3:12-cv-00017-RCJ-VPC Docs. # 19, # 20), as well as an amended complaint (3:12-cv-00017-RCJ-VPC Doc. # 21). The court screened the amended complaint. (3:12-cv-00017-RCJ-VPC Doc. # 25.) The amended complaint was sixty-one pages and named approximately forty defendants. (*Id.*) The court characterized the amended complaint as "rambling, repetitive and difficult to decipher." (*Id.*) It went on to state, "[t]here are several instances in which plaintiff includes a litany of random facts without setting forth any claim." (*Id.*) The court dismissed all of Plaintiff's claims except for one as "implausibly vague, factually frivolous or duplicative." (*Id.*) In addition, the court noted the following:

> These claims range from the contradictory to the implausibly vague to the fantastic, delusional and irrational. The court notes that plaintiff has filed about thirty or more actions in this court in the last ten years. Pursuant to 28 U.S.C. § 1915(g), he is prohibited from proceeding *in forma pauperis* in any civil action filed in any federal court unless he can show he is in imminent danger of serious physical injury because he has had three (3) or more prior actions dismissed for failure to state a claim upon which relief may be granted or as frivolous or malicious. Plaintiff is well-acquainted with litigation before this court and has had just these types of implausibly vague or factually frivolous claims dismissed before in other actions. *See, e.g., Cox v. Smith, et. al.*, 3:11-cv-00539-ECR-WGC (ECF # 17).

(3:12-cv-00017-RCJ-VPC Doc. # 25.)

Plaintiff was also chastised for including claims that are duplicative of those asserted in other actions. (3:12-cv-00017-RCJ-VPC Doc. # 25.)

Plaintiff then filed yet another motion for leave to amend his complaint. (3:12-cv-00017-RCJ-VPC Doc. # 29.) He failed to comply with Local Rule 15-1's requirement that a motion for leave to amend attach the proposed amended pleading so that it is complete in and of itself, and the motion was denied. (*See*  3:12-cv-00017-RCJ-VPC Doc. # 33.) The action was ordered to proceed as to the single remaining claim in Plaintiff's amended complaint. (3:12-cv-00017-RCJ-VPC Doc. # 38.)

### xii. 3:05-cv-00421-HDM-RAM

The court only notes that in this action Plaintiff filed multiple pleadings that were rejected by the court as unacceptable with respect to format, length and legibility. (3:05-cv-00421-HDM-RAM Doc. # 32.)

14

### xiii. CF-0809020 and CF-0710029- Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine

In CF-0809020, the state court denied Plaintiff's motion for additional legal supplies and stated the following;

> The Court is familiar with Plaintiff as a result of presiding over a number of Plaintiff's active cases. Plaintiff is an experienced litigator. The Court has noted as well that in this case and other cases Plaintiff's pleadings often contain numerous pages, e.g., a 36 page complaint in the instant matter, followed by a 16 page amended complaint. The point is that Plaintiff uses up a great deal of paper, ink and other supplies in his voluminous pleadings in numerous cases. Because Plaintiff has freely chosen to pursue eight (8) active lawsuits and intends to file four (4) new lawsuits, the Court believes that Plaintiff's decision to do so does not require prison officials to alter the amount of legal supplies provided to him. Because the Department of Corrections has a legitimate economic interest in setting a limit and a policy on providing legal supplies, it is incumbent upon Plaintiff to prioritize his multiple legal filings based on available supplies.

(Doc. # 44 at 5 (footnotes omitted).)

In its order dismissing Plaintiff's action, the state court pointed out Plaintiff's repeated failure to comply with the Nevada Rules of Civil Procedure. (Doc. # 44 at 12-17.) In addition the court warned Plaintiff that it was considering declaring him a vexatious litigant and restricting his ability to file documents with the court. (*Id.* at 17.) The court observed the following regarding Plaintiff's abusive litigation tactics, which bears repeating here:

> Over the last decade, Plaintiff has filed dozens of complaints in this district alone, most of which were removed to Federal Court and dismissed for Plaintiff's failure to state a claim upon which relief could be granted, or judgment was entered against him as a matter of law. The Court finds that Plaintiff's filings are mostly incomprehensible and filed with the intent to harass and delay the justice system. Certainly, Plaintiff has had his "Day in Court" and has been humored time and time again. However, Plaintiff's abuse of the system is nearing an end in this district.
> ...
> Under the guise of legitimate complaints, Plaintiff has used prison litigation to harass Defendants and clog the justice system. Through his illegible conspiracy theories, baseless claims and improper motions, Plaintiff has delayed and unjustifiably burdened this Court, as well as many other courts within and outside the State of Nevada. Under the name of "Steve Michael Cox," Petitioner has unsuccessfully appealed to the United States Supreme Court several times, and apparently similarly wasted the High Court's resources with his illegible and non-conforming pleadings.
> ...
> As a pro-per litigant, Plaintiff's several dozen complaints and motions are handwritten. Although the Court is very experienced in reading and interpreting handwritten petitions and complaints, Plaintiff's handwriting is nearly illegible. In addition to this fact, Plaintiff's complaints are unorganized and extremely

15

confusing.  Plaintiff mixes several causes of action and facts within each count, often repeating himself in a non-coherent way, with the result that Defendants cannot adequately and sufficiently respond to Plaintiff's claims.  This Court has required Plaintiff to amend and clarify his complaints in several cases.

...

The Court is not alone in its assessment of Plaintiff's legal pleadings.  In an order denying Plaintiff's motion to proceed *in forma pauperis* entered on March 23, 2009, the United States Supreme Court stated: "As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1..." By restricting Plaintiff's ability to proceed *in forma pauperis*, our Nation's highest court has recognized that Plaintiff's pleadings are illegible and overly burdensome.  The Supreme Court effectively barred Plaintiff from bringing his "claims" in its court, and this Court is ready to follow its example.

...

Finally (and much to the chagrin of the Court), in his amended complaint, Plaintiff alleges the same or sufficiently similar causes of action that have already been settled as non-meritorious in Plaintiff's previous complaints, both in this Court and in the federal courts.  Notwithstanding the doctrine of *Res Judicata*, this repetitive and delusional behavior severely impairs the Court in its duty to find and address legitimate claims.

...

Plaintiff has filed twenty-seven (27) cases in this district, of which at least six are currently pending before the Court.  Plaintiff has filed eleven complaints in the Ely Justice Court this year, five of which Plaintiff voluntarily withdrew subsequent to a small claims hearing.  Another five of Plaintiff's complaints filed originally in this Court were removed to federal court and subsequently screened or dismissed for various reasons.

...

Plaintiff has also filed an unknown number of other complaints in Nevada's District Courts statewide, but unfortunately, the Court does not have access to these documents or proceedings.  However, under several variations of his name, Plaintiff has contemporaneously filed dozens of complaints in Nevada's Federal District Court, most of which were screened or disposed of after a Federal Rule of Civil Procedure 12(b)(6), or upon a Summary Judgment motion.

...

(Doc. # 44 at 17-26 (footnotes and emphasis omitted).)

In CF-0710029, the court issued a strikingly similar order, again warning Plaintiff that the court was considering declaring him a vexatious litigant.  (Doc. # 44 at 39-49.) Regarding the complaint at issue, the court had found it was "a jumbled confusion of facts, counts, allegations, statutes, laws and prayers for relief." (*Id.* at 42-43.)

### xiv.  00-11029 and 00-11030-Ely Justice Court

In an order denying Plaintiff's motion for sanctions in case 00-11029, the Justice of the Peace recounted the following:

The Court further notes that Plaintiff has been thrice warned, in written orders

16

in Plaintiff's previous cases (Case Nos. 00-11010, 00-11013, 00-11016), against filing motions unsupported by citations to binding legal authority and without legal or factual support. The Court has further verbally admonished against such filings in open court on at least one occasion, at the trial on the aforementioned cases.

In less than five months, this Court has been confronted with approximately 20 motions and other similar filings, all filed by Plaintiff in five small claims actions (00-11010, 00-11013, 00-11016, 00-11030 and the instant case). These filings have been handwritten; barely legible; unsupported by any binding or persuasive legal authority; bereft of any specific factual allegations which might justify granting of the motion; repetitive; incoherent; and meritless. The Court and the Court's staff have expended significant time and resources addressing such motions.

Accordingly, for a fourth time, Plaintiff is again notified, warned and cautioned that, should such activity continue, the imposition of sanctions, including but not limited to removal of good time credit and/or vexatious litigant sanctions, may occur. Plaintiff is further advised that additional warnings may not be forthcoming prior to the imposition of sanctions.

(Doc. # 44 at 52.)

The court issued a similar order in case 00-11030. (*See* Doc. # 44 at 54-55.)

### xv. PI 10-0741 - Sixth Judicial District Court of the State of Nevada in and for the County of Pershing

In case PI 10-0741, the court issued an Order finding that "Plaintiff's handwritten documents are unintelligible and illegible." (Doc. # 44 at 57.) The court made a similar finding with respect to another a Plaintiff's filings in this case. (*Id.* at 62.)

### xvi. 3:02-cv-00677-LRH-VPC

In this action, the court screened Plaintiff's original complaint and dismissed portions with leave to amend. (*See* 3:02-cv-00677-LRH-VPC Doc. # 11.) Plaintiff submitted a proposed amended complaint which the court described as:

[S]o confused, prolix and loaded with irrelevant factual detail and narrative rambling that it strains the reader's powers of comprehension to the breaking point. If the court were to allow this complaint to be served, defendants' counsel would surely file a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e), and the court would be constrained to grant that motion...Count I of plaintiff's proposed amended complaint consists, by itself, of eleven single-spaced pages of nearly indecipherable narrative. The remaining counts are somewhat shorter in length, but no less confounding.

(*Id.*)

It is also worth mentioning that Plaintiff continued his practice of requesting additional

17

1   legal supplies without identifying a specific need.  (*See*  3:02-cv-00677-LRH-VPC Doc. # 15.)

2         **xvii.  3:03-cv-00651-VPC**

3         In this case, the defendants filed two motions for the court to impose Rule 11 sanctions

4   against Plaintiff in connection with a misrepresentation he made to the court that he had not

5   been served with a minute order.  (*See* 3:03-cv-00651-VPC Docs. # 70, # 122.) Plaintiff was

6   warned about making misrepresentations to the court and was given notice of the vexatious

7   litigant procedures, and that his credibility had been lowered in the court's eyes. (3:03-cv-

8   00651-VPC Docs. # 88, # 151.)

9         **xviii.  3:08-cv-00663-ECR-RAM**

10         In this action, Plaintiff filed a barely legible motion for additional legal supplies (3:08-

11   cv-00663-ECR-RAM Doc. # 78), which the court denied because Plaintiff failed to make a

12   showing that he had inadequate supplies to litigate *this* case. (*See* 3:08-cv-00663-ECR-RAM

13   Doc. # 80.)

14         **xix.   CF-1104020-Seventh Judicial District Court of the State of**

15   **Nevada, in and for the County of White Pine**

16         In this case, the court issued an order granting defendants' motion to dismiss ,

17   characterizing Plaintiff's complaint as, "replete with contradictory and repetitive facts, mixed

18   causes of action and a 'stream of consciousness' approach to organization."  (Doc. # 47 at 8.)

19   The court went on to state the following regarding Plaintiff's allegations: "As has been

20   explained to Plaintiff a number of times in previous cases in this district, 'vague and conclusory

21   allegations are insufficient to support a section 1983 claim,' yet here Plaintiff's [sic] alleges that

22   'it appears, this confiscation of Plaintiff's Quad-Cane was to illegally justify Plaintiff's

23   incarceration at ESP/Max.' This allegation is 'vague and conclusory at best[.]'" (Doc. # 47 at

24   19.)

25         The court also acknowledged the repetitive nature of Plaintiff's claims throughout his

26   lawsuits: "this is not the first time Plaintiff has complained about the content of his meals.

27   Because Plaintiff's alternative diet claims have been denied previously the Court finds that

28

dismissal with prejudice is warranted in this case based on the doctrine of *Res Judicata*." (Doc. # 47 at 21.)  The court pointed out that Plaintiff raised similar facts in 3:05-cv-00421-HDM-RAM and in 3:08-cv-00110-BES-VPC.  (*Id*.)

Finally, Plaintiff was given formal warning of the court's consideration of declaring Plaintiff a vexatious litigant.  (Doc. # 47 at 32-40.)

### xx.  3:11-cv-00619-LRH-VPC

Here, Plaintiff's original complaint was dismissed with leave to amend because it was not submitted on the court-approved form and was illegible.  (3:11-cv-00619-LRH-VPC Doc. # 5.)  Then, the amended complaint was dismissed on screening for failure to state a claim upon which relief may be granted. (*Id*.)

### xxi.  3:12-cv-00017-RCJ-VPC

Plaintiff's complaint in this action was dismissed on screening because it was illegible. (3:12-cv-00017-RCJ-VPC Doc. # 3.) Despite the court's direction to file an amended complaint, Plaintiff filed an array of motions that he repeatedly files in his lawsuits including a motion for appointment of counsel, motion for additional legal supplies, urgent motion for ambulatory aid/assistance, motion to amend his complaint, and motion for discovery. (*See* 3:12-cv-00017-RCJ-VPC Docs. # 4, # 5, # 6, # 12, # 13, and # 14.)

The court denied Plaintiff's motion for the appointment of counsel because he had no operative complaint on file.  (3:12-cv-00017-RCJ-VPC Doc. # 16.)  His motion for additional legal supplies was also denied, and the court stated, "[a]s with similar-if not identical-motions in other cases filed by plaintiff, he has not identified a specific need for copying or legal supplies other than to 'conclude the case.'" (*Id*.) His "urgent" motion for ambulatory aid was also denied, with the court finding, "[t]his is another motion that plaintiff typically files in his cases, and it is denied here. If Plaintiff seeks immediate action by this court he shall file a motion for injunctive relief or temporary restraining order in accordance with Rule 65 of the Federal Rules of Civil Procedure." (*Id*.) Finally, Plaintiff's motions to amend and motion for discovery were denied because the court had already directed Plaintiff to file an amended complaint. (*Id*.)

**c.   Substantive Findings Regarding the Frivolous and Harassing Nature of Plaintiff's Actions**

The third *De Long* factor requires that the court make "substantive findings" after looking at the "number and content of the filings" or "pattern of harassment" to demonstrate the "frivolous or harassing nature of the litigants actions." *See De Long*, 912 F.2d at 1147-48.

The court has thoroughly reviewed Plaintiff's filings in the instant action as well as those recounted above, and finds that the number and content of Plaintiff's filings clearly demonstrate the frivolous and harassing nature of his litigation practices.

First, the court finds that Plaintiff has wasted untold judicial resources by filing illegible and incomprehensible pleadings and motions.

Second, the court finds that Plaintiff has a history of requesting additional legal supplies and extensions of his copy work limit without identifying a particular need for such items in the case at issue.  This is despite the fact that he has been instructed on numerous occasions that he must identify a specific need for additional legal supplies or a copy work extension in a particular case, and the statement that he needs supplies and copies "to conclude his case" is insufficient.

Third, Plaintiff's filing of pleadings and motions that are not only duplicative of others filed in the same case, but of those filed in other actions is substantially chronicled. For example, Plaintiff has asserted the same claims concerning the alternative diet and his ambulatory aid in nearly every case he has filed in this district.

Fourth, Plaintiff repeatedly files motions without regard for their merit or the applicable legal standard.  He begins nearly every case by filing a "pro forma" motion for appointment of counsel even though he is well aware that the standard for appointing counsel in these cases requires the litigant to show "exceptional circumstances." Plaintiff almost always files an emergency motion that fails to comply with Federal Rule of Civil Procedure 65. He also typically files a motion to conduct discovery before a scheduling order has been issued, and countless motions to hold a case in abeyance for one reason or another.  He also repeatedly files

motions for leave to amend when the court has specifically directed him to amend his complaint.

Fifth, the court would approximate that a majority of Plaintiff's claims have been dismissed on screening for failure to state a claim upon which relief may be granted because they are implausibly vague. In addition, he continually fails to connect a specific defendant to his allegations although he is well aware of this pleading requirement. His pleadings have not improved over time despite his prolific litigation history and countless admonishments from various courts.

In sum, the court finds that Plaintiff's litigation tactics impede justice by burdening the court and the Attorney General's Office, not to mention other litigants who seek to assert legitimate claims for relief. An immeasurable amount of judicial and state resources have been expended needlessly in adjudicating and defending against Plaintiff's claims. The court specifically finds that Plaintiff's litigation practices are repetitive, duplicative, abusive, harassing, and generally without an arguable basis in law or fact. Accordingly, Defendants' motion to declare Plaintiff a vexatious litigant should be granted and a pre-filing order should be entered in this case.

**D. Pre-Filing Order**

Finally, the fourth *De Long* factor requires that the order be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148.

The court recommends that the Clerk not file or accept any further pleadings, motions, papers or documents from Plaintiff without first obtaining leave of court. If Plaintiff wishes to properly file a pleading, motion, or other document with the court, he shall first provide a copy of that document along with a letter requesting that the document be accepted for filing. If the court does not grant permission to file the document, in writing, within thirty days of the date of the letter, permission will be deemed denied. Plaintiff should be permitted to oppose motions brought by Defendants without seeking leave of court, but should be cautioned that if his brief is determined to extend beyond the scope of opposing Defendants' motion, it will

1    be stricken.

2          In addition, all of Plaintiff's submissions should be required to be legible, intelligible,

3    and submitted on a single side of white paper with writing on one side of the page.

4          This recommendation is limited to this action.

5    **IV.  Plaintiff's Motions for Temporary Restraining Order and Preliminary**

6    **Injunction (Docs. # 53, # 54)**

7          Plaintiff has filed a Motion for Temporary Restraining Order (Doc. # 53) and

8    Preliminary Injunction (Doc. # 54).  Defendants opposed (Doc. # 49) and Plaintiff replied (Doc.

9    # 66).

10         In his motion, Plaintiff does not appear to seek any specific form of injunctive relief, but

11   does mention a request for a contempt order for violation of an unidentified court order.

12   (Docs. # 53, # 54.)  Plaintiff's motion is nearly incomprehensible but seems to revolve around

13   an alleged incident that took place on April 19, 2012, whereby he asserts that certain

14   individuals utilized an "illegal" wheelchair without leg support extensions to transport him to

15   some sort of proceeding.  (*Id.*)

16         First, Defendants are correct that the averments made in Plaintiff's request for

17   injunctive relief are not directly correlated to the claims allowed to proceed in this action.

18   Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly

19   held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury

20   claimed in the party's motion and the conduct asserted in the complaint." *Devose v.*

21   *Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51

22   (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World*

23   *Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).  Injunctive relief is used

24   to address issues related to the underlying violations presented in the complaint.  Plaintiff is

25   not permitted to file a complaint in federal court and then use that action as a forum to air his

26   unrelated grievances.  Such complaints are properly lodged using the prison grievance system

27   and, if they remain unresolved, by filing a new action.

28

Moreover, Plaintiff has failed to establish he is entitled to injunctive relief. The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).  The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials.  The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

At this point, Plaintiff is more than familiar with the requirements for establishing an entitlement to injunctive relief, yet has not addressed the *Winter* factors.  Coupled with the fact that Plaintiff's motions are barely decipherable, the court recommends that Plaintiffs' motions

1   (Docs. # 53 and # 54) be denied.

2   **V.  Defendants' Motion for Leave to File Exhibit D Under Seal (Doc. # 40)**

3          Defendants seek leave of court to file Exhibit D in support of their motion under seal.

4   (Doc. # 40.) Exhibit D consists of an affidavit by Dr.  Koehn concerning Plaintiff's medical

5   condition and portions of his medical records.

6          "Historically, courts have recognized a general right to inspect and copy public records

7   and documents, including judicial records and documents." *See Kamakana v. City and County*

8   *of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation

9   omitted). Documents that have been traditionally kept secret, including grand jury transcripts

10  and warrant materials in a pre-indictment investigation, come within an exception to the

11  general right of public access. *See id.*  Otherwise, "a strong presumption in favor of access is the

12  starting point." *Id.* (internal quotation marks and citation omitted).

13         A motion to seal documents that are part of the judicial record, or filed in connection

14  with a dispositive motion, must meet the "compelling reasons" standard outlined in

15  *Kamakana.*  Thus, a party seeking to seal judicial records must show that "compelling reasons

16  supported by specific factual findings...outweigh the general history of access and the public

17  policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh

18  relevant factors including "the public interest in understanding the judicial process and

19  whether disclosure of the material could result in improper use of the material for scandalous

20  or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605

21  F.3d 665, 679 n.  6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the

22  decision to grant or deny a motion to seal is within the trial court's discretion, the trial court

23  must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

24         When a motion to seal documents is filed in connection with a non-dispositive motion,

25  as it is here, "the usual presumption of the public's right of access is rebutted[,]" and requires

26  only a showing of "good cause." *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under

27  Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.")

28

24

1   The court recognizes that the need to protect medical privacy has qualified as a

2   "compelling reason," for sealing records, and therefore, regardless of whether Defendants'

3   motion is construed as a dispositive or non-dispositive motion, the court finds that Exhibit D

4   should be sealed and Defendants' motion (Doc. # 40) should be granted. *See, e.g., San Ramon*

5   *Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10,

6   2011); *Abbey v. Hawaii Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D.  HI. Nov. 15,

7   2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI.  June 25, 2010)*; Wilkins v. Ahern,* 2010

8   WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009

9   WL 1212170, at * 1 (D.Ariz. May 4, 2009).

10   ## VI. RECOMMENDATION

11   **IT IS HEREBY RECOMMENDED** that the District Judge enter an order

12   **GRANTING** Defendants' Motion for Vexatious Litigant Determination & Pre-Filing

13   Restrictions (Doc. # 41) as follows:

14   (1) Plaintiff is declared to be a vexatious litigant;

15   (2) If Plaintiff wishes to properly file a pleading, motion, or other document with the

16   court, he shall first provide a copy of that document to the Clerk along with a letter requesting

17   that the document be accepted for filing. If the court does not grant permission to file the

18   document, in writing, within thirty days of the date of the letter, permission will be deemed

19   denied.  Plaintiff is permitted to oppose motions brought by Defendants without seeking leave

20   of court, but is cautioned that if his brief is determined to extend beyond the scope of opposing

21   Defendants' motion, it will be stricken;

22   (3) All of Plaintiff's submissions are required to be legible, intelligible, and submitted

23   on a single side of white paper with writing on one side of the page; and

24   (4) This order is limited to this action.

25   **IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an

26   Order **DENYING** Plaintiff's motions at Docs. # 53, # 54, # 77, # 78, # 80, # 81, # 82, and # 88

27   and **STRIKING** Docs. # 76, # 79, # 83, # 84, and # 89.

28

1    **FINALLY, IT IS HEREBY RECOMMENDED** that the District Judge enter an Order

2  **GRANTING** Defendants' motion for leave to file Exhibit D under seal (Doc. # 40).

3         The parties should be aware of the following:

4         1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the

5  Local Rules of Practice, specific written objections to this Report and Recommendation within

6  fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate

7  Judge's Report and Recommendation" and should be accompanied by points and authorities

8  for consideration by the District Court.

9         2.      That this Report and Recommendation is not an appealable order and that any

10  notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

11  District Court's judgment.

12         DATED: August 21, 2012.

13                                                                   _____

14                                                                   WILLIAM G.  COBB
                                                                     UNITED STATES MAGISTRATE JUDGE

26