# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVE MICHAEL COX, | ) | 3:11-cv-00539-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| GREGORY W. SMITH, *et al.*, | ) | |
| Defendant(s) | ) | |

On November 8, 2012, the Hon. Larry R. Hicks, District Judge, adopted this court's Report and Recommendation (Doc. # 90) and determined Plaintiff to be a vexatious litigant. (Doc. # 106.) Judge Hicks' order further denied Plaintiff's motions at Doc. ## 53, 54, 77, 78, 80, 81. 82 and 88, and ordered Doc. ## 76, 79, 83, 84 and 89 stricken. (Doc. #106 at 2.)

As a result of Judge Hicks' order determining Plaintiff to be a vexatious litigant, before Plaintiff may file a pleading, motion or other document with the court (other than a response to a motion brought by the defendants), he must first submit a letter to the clerk requesting a document he is submitting be filed. If the court does not grant the requested permission within thirty (30) days thereof, permission will be deemed denied. (Doc. # 106 at 2.)

Although Judge Hicks' order disposed of numerous motions filed by Plaintiff before the court adopted this court's Report and Recommendation, the order did not address the motions plaintiff filed subsequent to this court's order staying "briefing on all of plaintiff's current motions (Doc. ## 91, 92, 94, 95) and on any future motions filed by plaintiff . . . until a ruling is entered on the Report and Recommendation." (Doc. # 97.)

In that regard, therefore, leave or permission is **not** granted Plaintiff, and the following filings are stricken:

Doc. #91, "Motion for Enlargement of Time for Court's Orders/Alternatively Instruction from Attorney General to ESP Max to Remove Injurious Restrictive Restraints... ."

Doc. #92, "Motion/Affidavit (4th) in Support of Emergency TRO... ."

Doc. #95, "Motion/Affidavit (5th) in Support of Emergency TRO... ."

Doc. #100, "Motion to Compel Discovery/Alternatively, Reconsider Appointment of Counsel... ."

The court will permit the filing of and briefing on Plaintiff's two motions wherein Plaintiff seemingly seeks to secure extensions of certain deadlines relating to discovery (Doc. ## 94, 98).[1] **Defendants shall have until November 28, 2012,** to file responses to Doc. ## 94 and 98, after which the court will conduct a status conference thereon.

And last, the court is in receipt of plaintiff's *Motion Opposing/Objecting to Defendant's Request for Extra Time (# 104) as Untimely and Court's Order (#105) Granting Improper Extention (sic) of Time to File Dispositive Motions* and Plaintiff's *Request for Submissions (First)*. Neither of these documents was accompanied by the necessary "letter requesting that the document be accepted for filing" as per Judge Hicks' order (Doc. # 106 at 2). Inasmuch as the "Motion Opposing/Objecting to Defendant's Request for Extra Time" is moot (per Doc. # 105) and because Plaintiff's "Request for Submission" is an unnecessary document, neither the "Motion" nor the "Request" will be accepted for filing herein.

**IT IS SO ORDERED.**

DATED: November 16, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] The Plaintiff is reminded to heed the instructions of Judge Hicks that any of Plaintiff's filings are to be "legible, intelligible and submitted on a single side of white paper with writing on one side of the page." (Doc. # 106 at 2.) Plaintiff previous filings herein are, or at least border on, being illegible and unintelligible.