UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVE MICHAEL COX, | ) | 3:11-cv-00539-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | December 17, 2012 |
| | ) | |
| GREGORY W. SMITH, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden    REPORTER:               FTR

COUNSEL FOR PLAINTIFF:  Steve Michael Cox, In Pro Per (telephonically)

COUNSEL FOR DEFENDANTS:   Micheline Fairbank

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:43 p.m. Court Convenes.

The court advises the parties that this hearing will address plaintiff's Motion for Enlargement of Time to Properly Review (Continuance) Medical Files and Obtain/Review Promised I-File (Dkt. #94), plaintiff's Motion for Enlargement of Time Per Order #75 to Conclude Discovery (Dkt. #98), both of which have been opposed by the defendants (Dkt. #118), and plaintiff's Motion Seeking Copy Work Extension (Dkt. #120).

The court notes that defendants' response to plaintiff's motions for enlargement of time indicate that plaintiff has been provided the opportunity to review his I-File on August 13, 2012 and his medical file on January 12, 2012 and August 13, 2012, and he did so for several hours. Furthermore, plaintiff was afforded an additional opportunity to review his medical records on August 14, 2012; however, defendants indicate that plaintiff refused to review the records on that date.

Plaintiff represents that during the times in which he was afforded to review his medical / I-File records he was subject to restraints, which made it difficult to adequately review his records. Plaintiff indicates that one day, possibly one and one half of a day, would be sufficient time for him to complete his review of the I-File and medical records without restraints.

MINUTES OF PROCEEDINGS
3:11-cv-00539-LRH-WGC
Date: December 12, 2012
Page 2

      Defense counsel reiterates that Mr. Cox has been afforded the opportunity to review his I-File and medical record; however, Ms. Fairbank cannot represent at this time whether the plaintiff was restrained or not. Ms. Fairbank notes that Administration Regulation 407 defers to the institutions to establish their own operational procedures and guidelines regarding the use of restraints.

      The court is concerned with the use of restraints while plaintiff reviews his records and is inclined to order additional time for plaintiff to complete his review of medical records and the I-File. Therefore, plaintiff's Motion for Enlargement of Time to Properly Review (Continuance) Medical Files and Obtain/Review Promised I-File (Dkt. #94) is GRANTED. Plaintiff shall be afforded more time to complete his review of his I-File and medical records.

      The court turns to plaintiff's Motion for Enlargement of Time Per Order #75 to Conclude Discovery (Dkt. #98). The courts notes that the close of discovery has been extended once to September 28, 2012. Furthermore, defendants have represented in their response to plaintiff's motion that they have responded to plaintiff's written discovery and that no additional discovery has been served on defendants since August of 2012. Plaintiff indicates that it was his understanding that the parties were to meet and confer with respect to any discovery disputes and that no attempt has been made to comply with such directive from the court.

      Ms. Fairbank represents that the defendants did attempt to make a good faith effort to respond to Mr. Cox's discovery; however, much of his written discovery that was served on defendants was onerous and incomprehensible. Furthermore, based on the defendants' understanding regarding the approach to meet and confer, defendants were to make a good faith effort to respond to plaintiff's discovery, while the plaintiff was to provide more clearly crafted interrogatories and written discovery for defendants to respond to. Ms. Fairbank indicates defendants have not received any revised interrogatories or written discovery.

      The court inquires whether Ms. Fairbank can represent that all of Nevada Department of Corrections ("NDOC") documents relating to the decision and the order(s) seizing plaintiff's quad cane and any documents relating to his transfers have been produced. Ms. Fairbank represents that the documents relating to the decision and order(s) to seize plaintiff's quad cane have been produced and are attached to defendants' Motion for Summary Judgement (Dkt. # 110). As to the documents relating to plaintiff's transfer(s), Ms. Fairbank represents that she cannot, at this time, represent whether those documents have been produced; however, Ms. Fairbank indicates that she will supplement the record should there be additional documents related to plaintiff's transfer(s). Therefore, plaintiff's Motion for Enlargement of Time Per Order #75 to Conclude Discovery (Dkt. #98) is GRANTED in part to the extent that the defendants' discovery responses, which relate to Count I of plaintiff's complaint, are to be supplemented. The court requests that Ms. Fairbank file a notice with the court providing a description of the

MINUTES OF PROCEEDINGS
3:11-cv-00539-LRH-WGC
Date: December 12, 2012
Page 3

documents served on Mr. Cox to satisfy this issue.

To the extent plaintiff seeks to reopen and extend discovery as to Count II of plaintiff's complaint, the court is not inclined to do so and orders that the motion be DENIED in part.

The court concludes the hearing by addressing plaintiff's latest Motion Seeking Copy Work Extension (Dkt. #120).  Ms. Fairbank advises the court that, according to the representation of inmate banking, Mr. Cox has $97.20 available to him specifically for copy work and an additional $2.80 available in his Trust 2 Account for making photocopies.  Mr. Cox indicates that the $97.20 has already been used for prior copy work charges.   Based on the representation of Ms. Fairbank and what appears to be sufficient funds for copy work, plaintiff's Motion Seeking Copy Work Extension (Dkt. #120) is DENIED.  The court requests that, out of an abundance of caution, Ms. Fairbank double check on plaintiff's funds available to him for copy work.

**IT IS SO ORDERED.**

2:39 p.m. Court Adjourns.

                                        LANCE S. WILSON, CLERK


                                        By:  _____/s/_____
                                             Katie Lynn Ogden, Deputy Clerk